IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:05cv475

| | |
|---|---|
| DAVID A. ASHBY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ECKERD PHARMACY/BROOKS )<br>PHARMACY, LLC, ANGELA )<br>FOSTER, ADRIENNE KAY )<br>SCRUGGS, HERBERT )<br>BUCKLEY, VICTOR [DOE], )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the response of Defendant Eckerd Pharmacy/Brooks Pharmacy, LLC., to the Order filed October 9, 2007. Although the Plaintiff was also ordered to file response on or before October 24, 2007, no response has been filed by him.

The Plaintiff filed his complaint in this matter on November 14, 2005. Upon review of the complaint, the Court questioned whether the Plaintiff had timely commenced the action within 90 days after receipt by the Plaintiff of the right-to-sue letter mailed to him by the Equal Employment

Opportunity Commission (EEOC).  The Defendant now advises that the initial right-to-sue letter was mailed by the EEOC on July 14, 2005 and returned as undeliverable.  As a result, the EEOC mailed a second right-to-sue letter on August 11, 2005.

"When, as here, the actual date of Plaintiff's receipt of the right-to-sue letter is unknown or in dispute, the court will presume receipt three days after mailing by the EEOC."  ***Taylor v. Potter*, 355 F.Supp.2d 817, 819 (M.D.N.C. 2005), citing Federal Rule of Civil Procedure 6(e), *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 (1984); *Ish v. Arlington Co., Va.*, 918 F.2d 955 (table) (4th Cir. 1990), citing *Griffin v. Prince William Hosp. Corp.*, 716 F.Supp. 919, 921 n.7 (E.D.Va. 1989); *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987).**  When the issue of timeliness has been raised, the plaintiff must come forward with proof of the date of receipt.  ***Darden v. Cardinal Travel Center*, 493 F.Supp.2d 773, 776 (W.D.Va. 2007); *Williams v. Enterprise Leasing of Norfolk/Richmond*, 911 F.Supp. 988 (E.D.Va. 1995).**

Here, the Plaintiff has not responded to the issue and thus, the letter is presumed to have been received by the Plaintiff on August 14, 2005.  Thus, the Plaintiff's complaint, filed on November 14, 2005, was outside the

ninety day period prescribed by statute and the action must be dismissed. *Harvey, supra.*; *Taylor*, *supra*.; *Griffin, supra*.

The Plaintiff listed individual defendants in the complaint but has never effected service on these individuals. **Fed.R.Civ.P. 4.** They are therefore also dismissed from the action.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED WITH PREJUDICE** as to all Defendants.

Signed: October 29, 2007

Martin Reidinger
United States District Judge